IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Carnell Davis, #179330, ) | |
| ) | C.A. No. 9:07-3318-HMH-GCK |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Carnell Davis ("Davis"), a state prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Kosko recommends dismissing Davis's petition without prejudice and without requiring the Respondent to file a return on the basis that (1) the petition is time-barred, (2) the petition is successive, and (3) Davis failed to exhaust state remedies. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Davis's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections facility. On July 19, 1991, Davis entered a guilty plea to charges of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

murder and assault and battery with intent to kill. (§ 2254 Pet. 1.)  He was sentenced to life imprisonment for the murder charge and twenty (20) years' imprisonment, to be served consecutively, for the assault charge. (Id.)

Davis did not timely appeal his conviction or sentence. (Id. 2.)  Davis collaterally attacked his conviction and sentence by filing an application for post-conviction relief ("PCR") on March 2, 1992, which was dismissed with prejudice. (Id. 3.)  Davis filed a second application for PCR on October 23, 1995, which was also dismissed. (Id.)  Davis did not appeal either dismissal.

On June 17, 2004, Davis filed a petition for writ of habeas corpus in this court.  The Respondent filed a motion for summary judgment, which was granted because the petition was untimely and because Davis had not exhausted his state remedies.  Davis filed a third application for PCR on May 6, 2005, which was dismissed. (§ 2254 Pet. 4.)  Davis did not appeal this order.  On October 9, 2007, Davis filed the instant petition for habeas corpus.[2]

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

Davis filed objections to the Report and Recommendation. After review, however, the court finds that the majority of Davis's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

The Magistrate Judge found that Davis's petition was time-barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Report and Recommendation 2-3.) In addition, the Magistrate Judge found that because he has previously filed a § 2254 petition, Davis must seek and obtain leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the instant case. (Id.)

In his objections, Davis asserts that because his § 2254 petition is untimely and requires leave from the Fourth Circuit to file, he "officially motions that the petitioner's issues be heard and or reviewed pursuant to 28 U.S.C. § 2241." (Objections 5.) However, because Davis "is clearly confined pursuant to the judgment of a state court . . . he must utilize § 2254 as the habeas remedy authorized for state inmates." Martin v. Johnson, No. 7:07-cv-00436, 2007 WL 2746962, at *2 (W.D. Va. September 20, 2007) (citing White v. Lambert, 370 F.3d 1002, 1008 (9th Cir. 2004) ("[W]hen the petitioner meets the threshold requirement of being in custody pursuant to a state court judgment, § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241.")); see also Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) ("[A]s a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction."). Based on the foregoing, the court adopts Magistrate Judge Kosko's Report and Recommendation.

3

It is therefore

**ORDERED** that Davis's § 2254 petition is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina
December 6, 2007

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.